IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOINE WILLIAMS,

    Petitioner,                        No. CIV S-10-1745 MCE DAD P

    vs.

GARY SWARTHOUT,

    Respondent.                    FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding with counsel, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the September 22, 2008 decision of the California Board of Parole Hearings ("Board") to deny him parole. On July 12, 2010, the undersigned ordered respondent to file and serve a response to the petition. On September 10, 2010, respondent filed the pending motion to dismiss, arguing that petitioner's federal habeas petition is time-barred. Petitioner has filed an opposition to the motion, and respondent has filed a reply.

**BACKGROUND**

        On September 22, 2008, the Board conducted a parole hearing and found petitioner unsuitable for release on parole. The Board's decision became final on January 20, 2009. In his amended petition, petitioner asserts only two closely related claims:

1

> I. Because the panel failed to set forth any applicable evidence demonstrating that Mr. Williams' parole currently poses "an unreasonable risk of danger to public safety" . . . the decision fails the "some evidence" standard of review and should be set aside.
>
> II. The Board's decision denied due process because it failed to articulate a rational nexus by which its findings - if applicable - would drastically elevate petitioner's forensically determined "very low" to "low" parole risk to the "unreasonable risk of danger" level required to deny parole.

(Am. Pet. 14-19.)

As noted above, respondent has filed a motion to dismiss the pending habeas petition on the grounds that it was filed after the one-year statute of limitations for seeking federal habeas relief had expired. However, in light of a recent change in the legal landscape with respect to the scope of federal habeas review of decisions denying parole in California, the court will recommend that the pending habeas petition be summarily dismissed and that respondent's motion be denied as having been rendered moot.

## ANALYSIS

I. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. <u>See</u> <u>Peltier v. Wright</u>, 15 F.3d 860, 861 (9th Cir. 1993); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000); <u>Middleton</u>, 768 F.2d at 1085. Habeas corpus cannot be utilized to try state issues <u>de</u> <u>novo</u>. <u>Milton v. Wainwright</u>, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997); <u>Clark v. Murphy</u>, 331 F.3d 1062, 1067 (9th Cir. 2003). Section 2254(d) sets forth the following standards for granting

habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001). If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008). See also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). See also Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005) ("When more than one state court has adjudicated a claim, we analyze the last reasoned decision"). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). When it is clear that a state court has not reached the merits of a petitioner's

claim, or has denied the claim on procedural grounds, the AEDPA's deferential standard does not apply and a federal habeas court must review the claim de novo. Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

Finally, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

II. Scope of Review Applicable to Due Process Challenges to the Denial of Parole

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a

1  constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

2  California's parole scheme gives rise to a liberty interest in parole protected by the
3  federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th
4  Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.
5  Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in
6  this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz,
7  ___F.3d___, 2011 WL 1238007, at *4 (9th Cir. Apr. 5, 2011) ("[Swarthout v.] Cooke did not
8  disturb our precedent that California law creates a liberty interest in parole.")  In California, a
9  prisoner is entitled to release on parole unless there is "some evidence" of his or her current
10 dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29
11 Cal.4th 616, 651-53 (2002).

12 In Swarthout, the Supreme Court reviewed two cases in which California
13 prisoners were denied parole - in one case by the Board, and in the other by the Governor after
14 the Board had granted parole.  Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that
15 when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment
16 requires fair procedures, "and federal courts will review the application of those constitutionally
17 required procedures."  Id. at 862.  The Court concluded that in the parole context, however, "the
18 procedures required are minimal" and that the "Constitution does not require more" than "an
19 opportunity to be heard" and being "provided a statement of the reasons why parole was denied."
20 Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit
21 decisions that went beyond these minimal procedural requirements and "reviewed the state
22 courts' decisions on the merits and concluded that they had unreasonably determined the facts in
23 light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected
24 the application of the "some evidence" standard to parole decisions by the California courts as a
25 /////
26 /////

component of the federal due process standard. Id. at 862-63. See also Pearson, 2011 WL 1238007, at *4.[1]

III. Petitioner's Claims

As noted above, petitioner seeks federal habeas relief on the grounds that the Board's 2008 decision to deny him parole, and the findings upon which that denial was based, were not supported by "some evidence" as required under California law. However, under the Supreme Court's decision in Swarthout this court may not review whether California's "some evidence" standard was correctly applied in petitioner's case. 131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, ___F.3d___, 2011 WL 1533512, at *5 (9th Cir. Apr. 25, 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, ___F.3d___, 2011 WL 1365811, at *3 (9th Cir. Apr. 12, 2011) (under the decision in Swarthout, California's parole scheme creates no substantive due process rights and any procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 2011 WL 1238007, at *3 (9th Cir. Apr. 5, 2011) ("While the Court did not define the minimum process required by the Due Process Clause for denial parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'")

---

[1] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability. See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

The federal habeas petition pending before the court in this case reflects that petitioner was represented by counsel at his 2008 parole suitability hearing. The record also establishes that at that hearing petitioner was given the opportunity to be heard and received a statement of the reasons why parole was denied by the Board panel. (Am. Pet. Ex. B.) That is all the process that was due petitioner under the Constitution. Swarthout, 131 S. Ct. 862; see also Miller, 2011 WL 1533512, at *5; Roberts, 2011 WL 1365811, at *3; Pearson, 2011 WL 1238007, at *3. It now plainly appears that petitioner is not entitled to relief with respect to his due process claims. Accordingly, the pending petition should be summarily dismissed for failure to state a cognizable claim for federal habeas relief.[2]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's September 10, 2010 motion to dismiss (Doc. No. 13) be denied as moot; and

2. The petition for a writ of habeas corpus be summarily dismissed with prejudice because no claim for relief has been stated. See Rule 4, Rules Governing § 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

/////

---

[2] In light of this conclusion, the undersigned will recommend that respondent's motion to dismiss the petition as barred by the applicable statute of limitations be denied as moot.

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED: May 3, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
will1745.157